## IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| DARIUS CLARK, | CASE NO. 1:22-CV-01166-DAR |
| Petitioner, | JUDGE DAVID A. RUIZ |
| vs. | MAGISTRATE JUDGE DARRELL A. CLAY |
| WARDEN TIM McCONAHAY, | **REPORT AND RECOMMENDATION** |
| Respondent. | |

### INTRODUCTION

Represented by counsel, Petitioner Darius Clark, a prisoner in state custody, filed a petition on June 30, 2022, seeking a writ of habeas corpus under 28 U.S.C. § 2254. (ECF #1). The District Court has jurisdiction under § 2254(a). On July 7, 2022, pursuant to Local Civil Rule 72.2, this matter was referred to me to prepare a Report and Recommendation. (Non-document entry of July 7, 2022). On November 10, 2022, Respondent Warden Tim McConahay (hereinafter, "the State"), as Warden of the Madison Correctional Institution, filed the Return of Writ, including the state court record and trial transcripts. (*See* ECF #6 and #6-1). On May 4, 2023, Mr. Clark filed a Traverse to the Return of Writ. (ECF #11).

For the reasons that follow, I recommend the District Court **DENY** the requested relief as non-cognizable, **DISMISS** the petition, and **DENY** a certificate of appealability.

1

PROCEDURAL HISTORY

## I.    State court factual findings

The factual findings of the Supreme Court of Ohio made on direct appeal are presumed correct unless Mr. Clark rebuts that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). In its opinion reversing Mr. Clark's conviction, the Supreme Court of Ohio wrote as follows:

> {¶6} Darius Clark lived with his girlfriend, T.T.,[1] her three-year-old son, L.P., and her two-year-old daughter, A.T. On March 17, 2010, Clark dropped off L.P. at the William Patrick Day Head Start Center in Cleveland. While in the center's lunchroom, one of L.P.'s preschool teachers, Ramona Whitley, observed that L.P.'s left eye appeared bloodshot and bloodstained. She asked him, "What happened?" and L.P. at first said nothing but then replied, "I fell." Whitley asked, "How did you fall and hurt your face?" and L.P. answered, "I fell down."

> {¶7} On arriving in the brighter light of the classroom, Whitley looked again at L.P. and saw "[r]ed marks, like whips of some sort" on L.P.'s face. Whitley, "in shock," got the attention of the class's lead teacher, Debra Jones.

> {¶8} When Jones saw L.P.'s eye, she said, "He needs to go to Ms. Cooper, my supervisor. After I looked at him, I said, you know, I'm going to take him to Ms. Cooper." Jones then asked, "Who did this? What happened to you?" L.P. "seemed kind of bewildered. He said something like Dee, Dee." Jones described L.P. as "Out. Staring out. And I was asking him—he almost looked uncertain, but he said, Dee." Because L.P. had only attended the school for a short time, Jones could not be certain that the child understood her questions. Jones escorted L.P. to the school office. She testified that when the supervisor, Cooper, observed L.P.'s injuries, she said, "Whoever seen [sic] him first got to make the call." As a result, Whitley called 696-KIDS and made a report of suspected child abuse.

> {¶9} In response, the Cuyahoga County Department of Child and Family Services ("CCDCFS") sent a social worker to the school to question L.P. Clark arrived at the school while the social worker was questioning L.P. and denied responsibility for L.P.'s injuries. Clark then left with the child.

> {¶10} The next day, a social worker located T.T.'s children at the home of Clark's mother and took them to the hospital. A physician determined that L.P. had bruising

---

[1]    Although T.T. is an adult, the state courts referred to her by her initials to protect the privacy of the minor victim A.T., with whom she shares a last name.

in various stages of development and abrasions consistent with having been struck by a linear object and that A.T. had bruising, burn marks, a swollen hand, and a pattern of sores at her hairline. The physician suspected child abuse and estimated that the injuries occurred between February 28 and March 18, 2010.

{¶11} A grand jury indicted Clark on one count of felonious assault relating to L.P., four counts of felonious assault relating to A.T., two counts of endangering children, and two counts of domestic violence. The trial court declared L.P. incompetent to testify but denied Clark's motion in limine to exclude L.P.'s out-of-court identification statements. Seven witnesses testified regarding the statements made by L.P.: Jody Remington, a Cleveland police detective; Sarah Bolog, a CCDCFS social worker; Howard Little, a CCDCFS intake social worker; Whitley and Jones; the children's maternal grandmother; and the children's maternal great-aunt. Unexplained in this record, and highlighted by the court of appeals in its opinion, is that the trial court declared L.P. incompetent to testify at the time of trial, yet it permitted testimony about statements this incompetent three-and-a-half-year-old child made to his teachers six months earlier. The jury found Clark guilty of all charges, except for one count relating to A.T., and the court thereafter sentenced Clark to an aggregate 28-year prison term.

(ECF #6-1 at PageID 457-58; *State v. Clark*, 999 N.E.2d 592 (Ohio 2013), *rev'd and remanded,*

576 U.S. 237 (2015)).

## II.   Trial court proceedings

On April 15, 2010, a Cuyahoga County grand jury indicted Mr. Clark on nine charges:

Count 1:   Felonious Assault on L.P. in violation of Ohio Revised Code § 2903.11(A)(1).

Count 2:   Felonious Assault on A.T. in violation of Revised Code § 2903.11(A)(1).

Count 3:   Felonious Assault on A.T. in violation of Revised Code § 2903.11(A)(1).

Count 4:   Felonious Assault on A.T. in violation of Revised Code § 2903.11(A)(1).

Count 5:   Felonious Assault on A.T. in violation of Revised Code § 2903.11(A)(1).

Count 6:   Endangering Children regarding L.P. in violation of Revised Code § 2919.22(B)(1).

Count 7:   Endangering Children regarding A.T. in violation of Revised Code § 2919.22(B)(1).

Count 8:   Domestic Violence on L.P. in violation of Revised Code § 2919.25(A).

Count 9:   Domestic Violence on A.T. in violation of Revised Code § 2919.25(A).

(ECF #6-1 at PageID 150-53). The matter was tried to a jury, who acquitted Mr. Clark of Count 2

and convicted him on all other counts. (ECF #6-1 at PageID 156).

On November 24, 2010, the trial court sentenced Mr. Clark as follows:

| Count | Charge | Term of Imprisonment | To be Served |
|---|---|---|---|
| Count 1 | Felonious Assault on L.P. | 8 years | Consecutively |
| Count 3 | Felonious Assault on A.T. | 8 years | Consecutively |
| Count 4 | Felonious Assault on A.T. | 8 years | Consecutively |
| Count 5 | Felonious Assault on A.T. | 8 years | Concurrently |
| Count 6 | Child Endangering regarding L.P. | 4 years | Consecutively |
| Count 7 | Child Endangering regarding A.T. | 4 years | Concurrently |
| Count 8 | Domestic Violence on L.P. | 6 months | Concurrently |
| Count 9 | Domestic Violence on A.T. | 6 months | Concurrently |

(*Id.* at PageID 157; *see also* ECF #1-1 at PageID 19). Mr. Clark's aggregate sentence was thus 28

years' imprisonment, with 218 days' jail-time credit. (ECF #6-1 at PageID 157).

## III.   Direct appeal

On December 21, 2010, through new counsel, Mr. Clark filed a Notice of Appeal with the

Ohio Court of Appeals, Eighth Appellate District. (ECF #6-1 at PageID 159). His brief to the

Eighth District asserted nine assignments of error, as follows:

> **ASSIGNMENT OF ERROR 1:**
> Mr. Clark's convictions with respect to Counts 1 and 6 are not supported by legally
> sufficient evidence as required by state and federal due process.
>
> **ASSIGNMENT OF ERROR 2:**
> Mr. Clark's convictions are against the manifest weight of the evidence.

4

**ASSIGNMENT OF ERROR 3:**
The trial court violated Mr. Clark's Confrontation Clause rights pursuant to the Sixth Amendment to the United State Constitution and Article I, Section 10 of the Ohio Constitution by admitting prejudicial out-of-court statements by L.P.

**ASSIGNMENT OF ERROR 4:**
The trial court violated Mr. Clark's Confrontation Clause rights pursuant to the Sixth Amendment to the United State Constitution and Article I, Section 10 of the Ohio Constitution when it erroneously found that the requirements of Ohio Rule of Evidence 807 had been satisfied.

**ASSIGNMENT OF ERROR 5:**
The trial court violated Mr. Clark's Confrontation Clause rights pursuant to the Sixth Amendment to the United State Constitution and Article I, Section 10 of the Ohio Constitution when it denied his request to instruct the jury that L.P. did not testify because the trial court found that he was not competent to do so.

**ASSIGNMENT OF ERROR 6:**
Mr. Clark's due-process and grand-jury rights were violated when the state failed to separate distinct instance of alleged abuse into separate counts and he was prosecuted based on a duplicitous indictment.

**ASSIGNMENT OF ERROR 7:**
The state violated Mr. Clark's rights to due process, a grand jury indictment, a fair trial, and notice when it charged him with multiple identical and undifferentiated counts of felonious-assault offenses over an extended period of time.

**ASSIGNMENT OF ERROR 8:**
The trial court violated the Double Jeopardy Clauses of the United States and Ohio Constitutions when, with respect to each alleged victim, it failed to treat Mr. Clark's convictions for felonious assault, child endangering, and domestic violence as allied offenses of similar import and merge them for sentencing purposes.

**ASSIGNMENT OF ERROR 9:**
The journal entries incorrectly reference costs when the trial court did not impose costs as part of Mr. Clark's sentence.

(*Id.* at PageID 169-70). On December 22, 2011, the Eighth District sustained the third and fourth

assignments of error and reversed Mr. Clark's conviction. (*Id.* at PageID 255-78; *see also State v.*

*Clark*, No. 96207, 2011 WL 6780456 (Ohio Ct. App. Dec. 22, 2011), *aff'd*, 999 N.E.2d 592 (Ohio

2013), *rev'd and remanded*, 576 U.S. 237 (2015)). The court overruled Mr. Clark's first assignment

of error and determined the remaining six assignments of error were mooted by the court's

disposition. (ECF #6-1 at PageID 278).

### A.    Appellate review of the Confrontation Clause issue

On February 6, 2012, the State timely appealed the Eighth District's decision to the

Supreme Court of Ohio, advancing one proposition of law:

> **PROPOSITION OF LAW I:**
> Statements made to teachers by children during an interview to identify suspected
> child abuse and protect the future safety and welfare of that child are non-testimonial
> and thus are admissible without offending the Confrontation Clause.

(*Id.* at PageID 285). Mr. Clark, represented by counsel, opposed jurisdiction. (*Id.* at PageID 313-

21). The Supreme Court of Ohio accepted jurisdiction on May 9, 2012. (*Id.* at PageID 323). After

briefing on the merits by the State, Mr. Clark, and *amici curiae*, on October 30, 2013, the Supreme

Court of Ohio affirmed the Eighth District's judgment. (*Id.* at PageID 454; *see also State v. Clark*,

999 N.E.2d 592 (Ohio 2013), *rev'd and remanded*, 576 U.S. 237 (2015)).

After seeking and being denied reconsideration (ECF #6-1 at PageID 493-501, 509), the

State sought a writ of certiorari from the United States Supreme Court on May 8, 2014. (*Id.* at

PageID 510). The Supreme Court accepted two questions for review:

> **QUESTION PRESENTED 1:**
> Does an individual's obligation to report suspected child abuse make that individual
> an agent of law enforcement for purposes of the Confrontation Clause?
>
> **QUESTION PRESENTED 2:**
> Do a child's out-of-court statements to a teacher in response to the teacher's concerns
> about potential child abuse qualify as "testimonial" statements subject to the
> Confrontation Clause?

(*Id.* at PageID 512). On June 18, 2015, the Supreme Court reversed the judgment of the Supreme

Court of Ohio and remanded the matter. (*Id.* at PageID 514-20; *see also Ohio v. Clark*, 576 U.S. 237

(2015)). The Supreme Court of Ohio in turn remanded the matter to the Eighth District to

consider the remaining assignments of error, which the appellate court had previously determined were moot. (ECF # 6-1 at PageID 606).

> **B.    Appellate review of the merger issue**

On remand, the Eighth District first addressed the merger issue for which Mr. Clark seeks habeas relief. On May 5, 2016, the Eighth District overruled all assignments of error, including the eighth assignment addressing the merged-sentences issue. (*See* ECF #6-1 at PageID 718-21; *see also State v. Clark*, No. 96207, 2016 WL 2586638 (Ohio Ct. App. May 5, 2016)). Mr. Clark moved for reconsideration, which the Eighth District denied. (*Id.* at PageID 723-30, 744).

On July 25, 2016, Mr. Clark, through counsel, timely appealed to the Supreme Court of Ohio. (*Id.* at PageID 745-46). In his memorandum in support of jurisdiction, Mr. Clark advanced two propositions of law:

> **PROPOSITION OF LAW I:**
> The particularized guarantees of trustworthiness required for the admissibility of evidence under Evidence Rule 807 focus exclusively on the ability of the declarant to reliably perceive and report on what he has witnessed, rather than the motivation or skill of the person interviewing the child.

> **PROPOSITION OF LAW II:**
> When a matter is still on direct appeal, even if it remains so for several years, the judgment is not final and the reviewing court must apply the law as it currently exists.

(*Id.* at PageID 755, 762). In his second proposition of law, Mr. Clark argued the Eighth District erred when it did not find his sentences should be merged. (*Id.* at PageID 762-63). On December 28, 2016, the Supreme Court of Ohio declined jurisdiction over Mr. Clark's appeal. (*Id.* at PageID 794; *see also State v. Clark*, 65 N.E.3d 778 (Ohio 2016) (table)).

## IV.   State post-conviction proceedings

While his direct appeal before the Eighth District was pending, on August 1, 2011, Mr. Clark, through counsel, filed a petition for postconviction relief in the trial court, claiming he

received ineffective assistance of counsel during his trial. (ECF #6-1 at PageID 526). He identified

four instances of allegedly ineffective assistance at trial and claimed his trial counsel's performance

as a whole was deficient, but he does not discuss the sentencing phase. (*Id.* at PageID 550-59; *see*

*also* ECF #1-1 at PageID 22).

After the Eighth District reversed Mr. Clark's convictions, the trial court stayed Mr. Clark's

post-conviction proceedings on December 30, 2011 while the State pursued further appellate

review. (ECF #6-1 at PageID 597). The stay remained in place for over eight years until January 23,

2020, when the State, followed by Mr. Clark, filed proposed findings of fact and conclusions of

law. (*See id.* at PageID 797).

On September 4, 2020, Mr. Clark filed a motion to amend his post-conviction petition by

adding three additional claims of ineffective assistance of trial counsel. (*Id.* at PageID 814-20).

These claims allege Mr. Clark's trial counsel failed to impeach witnesses, make evidentiary

objections, and file a motion in limine. (*Id.*). On October 6, 2020, the trial court denied the

motion to amend and dismissed the petition without an evidentiary hearing. (*Id.* at PageID

831-42).

Mr. Clark, through counsel, timely appealed to the Eighth District on October 18, 2020.

(*Id.* at PageID 843). Mr. Clark raised three assignments of error:

**ASSIGNMENT OF ERROR 1**
The Court's decision to summarily dismiss Darius Clark's petition for post-
conviction relief violated R.C 2953.21 and his state and federal rights to due process
where his petition included new evidence supporting a cognizable claim which
required an evidentiary hearing.

**ASSIGNMENT OF ERROR 2**
The court's refusal to permit Mr. Clark to amend his petition for post-conviction
relief to allow additional information in support of this ineffective assistance of

counsel [claim] based on the conclusion that the amendment was jurisdictionally barred violated R.C. 2953.21 and Clark's state and federal rights to due process.

**ASSIGNMENT OF ERROR 3**
Due process requires that the post-conviction provisions the General Assembly enacted allow individuals challenging the validity of their convictions a meaningful opportunity to do so. Where the law is construed in such a way that it frustrates the ability to present such cognizable constitutional challenges, it violates the post-conviction-relief statute and the Fifth, Sixth, Eight, and Fourteenth Amendments to the United States Constitution.

(*Id.* at PageID 850). On August 12, 2021, the Eighth District overruled the assignments of error and affirmed the trial court's dismissal of Mr. Clark's petition. (*Id.* at PageID 907-21; *see also State v. Clark,* No. 110037, 2021 WL 3559409 (Ohio Ct. App. Aug. 12, 2021)).

On September 27, 2021, Mr. Clark, through counsel, then timely appealed to the Supreme Court of Ohio. (*Id.* at PageID 923-24). In his memorandum in support of jurisdiction, Mr. Clark set forth two propositions of law:

**PROPOSTION OF LAW I:**
Under R.C. 2953.21, *et seq.*, a petition for post-conviction relief that is supported by affidavits which provide new evidence supporting a cognizable[] constitutional claim requires an evidentiary hearing.

**PROPOSITION OF LAW II:**
Due process requires that the post-conviction-relief provisions the General Assembly enacted allow individuals challenging the validity of their convictions a meaningful opportunity to do so. Where the law is construed in such a way that it frustrates the ability to present such cognizable constitutional challenges, it violates the post-conviction-relief statute and the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

(*Id.* at PageID 926). On December 14, 2021, the Supreme Court of Ohio declined to accept jurisdiction over Mr. Clark's appeal. (*Id.* at PageID 957; *see also State v. Clark,* 177 N.E.3d 999 (Ohio 2021) (table)). Mr. Clark did not further appeal the denial of his post-conviction petition.

FEDERAL HABEAS PETITION

On June 30, 2022, Mr. Clark filed his habeas petition. (ECF #1). He raises one ground for

relief:

> GROUND ONE:
> Mr. Clark's consecutive sentences for felonious assault, child endangering, and
> domestic violence were allied therefore, consecutive sentences imposed for these
> offenses violated the prohibition against double jeopardy.

(*Id.* at PageID 6).

STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs Mr. Clark's

petition for writ of habeas corpus. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA recognizes

that "[s]tate courts are adequate forums for the vindication of federal rights" and therefore acts as a

"formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in

state court." *Burt v. Titlow*, 571 U.S. 12, 19 (2013). It "dictates a highly deferential standard for

evaluating state-court rulings which demands that state-court decisions be given the benefit of the

doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005) (citation and quotation omitted). Accordingly, an

application for habeas corpus cannot be granted for a person in custody pursuant to a state

conviction unless the adjudication "(1) resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law as determined by the Supreme Court

of the United States; or (2) resulted in a decision that was based upon an unreasonable

determination of the facts in light of the evidence presented in the State court proceedings."

28 U.S.C. § 2254(d).

Habeas courts review the last explained state-court judgment on the federal claim at issue.

*Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991). For the purposes of § 2254(d)(1), clearly established

federal law "is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). It includes "the holdings, as opposed to dicta, of [Supreme Court] decisions." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

A state-court decision is contrary to Supreme Court precedent if the state court arrives at a conclusion opposite that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has decided on a set of materially indistinguishable facts. *Id.* at 405; *White v. Mitchell*, 431 F.3d 517, 523 (6th Cir. 2005). The word "contrary" means "diametrically different, opposite in character or nature, or mutually opposed." *Williams*, 529 U.S. at 405. A state court does not act contrary to clearly established law when the precedent of the Supreme Court is ambiguous or nonexistent. *See Mitchell v. Esparza*, 540 U.S. 12, 17 (2003) (per curiam).

A state-court decision involves an unreasonable application of the Supreme Court's precedent if the state court identifies the correct governing legal rule from the Supreme Court's cases but unreasonably applies it to the facts of the state prisoner's case, or if the state court either unreasonably extends a legal principle from the Supreme Court's precedent to a new context where it should not be applied or unreasonably refuses to extend that principle in a new context where it should apply. *Williams*, 529 U.S. at 407. The appropriate measure of whether a state-court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Id.* at 409-11; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000). "It bears repeating that even a strong case for relief

does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

Under § 2254(d)(2), state court factual determinations stand unless they are objectively unreasonable in light of the evidence presented in state court. *Id.* at 100. The Supreme Court has repeatedly emphasized "a state court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion." *Burt*, 571 U.S. at 18. Under AEDPA, "a determination of a factual issue made by a state court shall be presumed to be correct. [Petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2554(e)(1).

Comity principles also require federal courts to defer to a state's judgment on issues of state substantive and procedural law. *Murray v. Carrier*, 477 U.S. 478, 491 (1986); *Engle v. Isaac*, 456 U.S. 107, 128-29 (1982). Federal courts must accept a state court's interpretation of its statutes and rules of practice. *Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986).

The standard is intended to be difficult to meet and reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. *Harrington*, 562 U.S. at 102-03; *see also Brown v. Davenport*, 596 U.S. 118, 133 (2022) (describing habeas as an "extraordinary remedy, reserved for only extreme malfunctions in the state criminal justice system and different in kind from providing relief on direct appeal") (cleaned up). To obtain "habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington*, 562 U.S. at 103.

When a properly presented federal constitutional claim was not adjudicated on the merits in the state courts, the reviewing federal court must apply the pre-AEDPA standard, reviewing *de novo* questions of law and mixed questions of law and fact. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007).

### PROCEDURAL BARRIERS TO FEDERAL HABEAS REVIEW

Before a federal court may review a petitioner's habeas claims on the merits, the petitioner must overcome several procedural barriers. These barriers, including exhaustion of state remedies and procedural default, limit a petitioner's access to review on the merits of a constitutional claim. *Daniels v. United States*, 532 U.S. 374, 381 (2001). Put simply, federal courts may review federal claims that were evaluated on the merits by a state court. Claims there were not evaluated on the merits, either because they were never presented to the state courts (*i.e.*, they are unexhausted) or because they were not properly presented to the state courts (*i.e.*, they are procedurally defaulted), are generally not cognizable on federal habeas review. *Bonnell v. Mitchel*, 301 F.Supp.2d 698, 722 (N.D. Ohio Feb. 4, 2004).

**Exhaustion of Available State Court Remedies**. A court may not grant a petition for habeas corpus unless it appears the petitioner has exhausted available state court remedies, state corrective process is unavailable, or circumstances exist rendering such state process ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1). Typically, the exhaustion requirement is satisfied when the petitioner fairly presents all claims to the highest court in the state in where petitioner was convicted, giving the state a full and fair opportunity to rule on the petitioner's claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). A claim is fairly presented when both the factual and legal basis for the claim has been introduced to the state courts. *Fulcher v. Motley*,

444 F.3d 791, 798 (6th Cir. 2000). A failure to exhaust applies only where state remedies remain "available at the time of the federal petition." *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). In contrast, where state court remedies are no longer available, procedural default (discussed more fully below), rather than exhaustion, applies. *Id.*

**Procedural Default**. Absent a petitioner demonstrating either cause and prejudice or that failure to review the claim would result in a fundamental miscarriage of justice (discussed below), a federal court will not consider the merits of procedurally defaulted claims. *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)).

There are two avenues by which a petitioner's claim may be procedurally defaulted. *Williams*, 460 F.3d at 806. First, procedural default occurs if a petitioner "fails to comply with state procedural rules in presenting his claim to the appropriate state court." *Id.* To determine whether a petitioner's failure to comply with a state procedural rule bars review of his habeas claims, courts in the Sixth Circuit perform a four-pronged analysis: (1) whether there is a state procedural rule applicable to petitioner's claim and whether petitioner failed to comply with that rule; (2) whether the state court enforced the procedural rule; (3) whether the procedural rule is an adequate and independent state ground on which the state can foreclose review of the federal constitutional claim; and (4) whether the petitioner can demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

Second, a claim may be procedurally defaulted when the petitioner fails to raise it in state court and pursue it through the state's "ordinary appellate review procedures." *Williams*, 460 F.3d at 806 (citing *O'Sullivan*, 526 U.S. at 848 (1991)); *see also Baston v. Bagley*, 282 F.Supp.2d 655, 661

14

(N.D. Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition."). As addressed above, "[i]f, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." *Id.* Although the exhaustion requirement is satisfied because there are no longer any state remedies available to the petitioner, *see Coleman v. Thompson*, 501 U.S. 722, 732 (1991), the petitioner's failure to have the federal claims considered in the state courts constitutes a procedural default of those claims, barring federal court review. *Williams*, 460 F.3d at 806.

To overcome a procedural bar, a petitioner must show cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 749. Habeas petitioners cannot rely on conclusory assertions of cause and prejudice to overcome procedural default; they must present affirmative evidence or argument as to the precise cause and prejudice produced. *See Tinsley v. Million*, 399 F.3d 796, 806 (6th Cir. 2005) (citing *Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 452 (6th Cir. 2003) ("It is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at a developed argumentation, are deemed waived.") (quotation omitted)). A finding of cause and prejudice does not entitle a petitioner to habeas relief; it only allows a federal court to consider the merits of a claim that otherwise would have been procedurally defaulted. *See Martinez v. Ryan*, 566 U.S. 1, 10 (2012); *see also Coleman*, 501 U.S. at 750.

A showing of cause for the default requires more than the mere proffer of an excuse. Rather, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to

comply with the State's procedural rule." *Murray*, 477 U.S. at 488; *see also Wogenstahl v. Mitchell*, 668 F.3d 307, 321 (6th Cir. 2012). Neither a petitioner's pro se status nor his ignorance of the law and procedural filing requirements are enough to establish cause to overcome procedural default. *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004).

To demonstrate prejudice sufficient to overcome procedural default, a petitioner must show more than mere errors in the state trial creating a possibility of prejudice; rather, the petitioner must show that the alleged errors worked to the petitioner's actual and substantial disadvantage, infecting the entire trial with error of constitutional dimensions. *Murray*, 477 at 494. There is no prejudice where the petitioner does not show a reasonable probability that the result of the proceeding would have been different. *Ambrose v. Booker*, 801 F.3d 567, 577-78 (6th Cir. 2015).

Alternatively, a petitioner may overcome procedural default by showing that a fundamental miscarriage of justice will occur if the claims are not considered. *Coleman*, 501 U.S. at 750; *Murray*, 477 U.S. at 495. A fundamental miscarriage of justice occurs in the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 495-96; *see also Schlup v. Delo*, 513 U.S. 298, 327 (1995). Actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). A valid actual innocence claim must be supported by new reliable evidence, such as exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence, that was not presented at trial that is so strong a court cannot have confidence in the outcome of the petitioner's trial. *Schlup*, 513 U.S. at 324. In other words, a "petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

**State Law Claims Not Cognizable on Federal Habeas Review**. The District Court will not have jurisdiction over a petitioner's claims for purposes of habeas corpus review if the claims do not "challenge the legality of his custody" based on a "violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254(a). Indeed, "[t]he writ of habeas corpus is not available to remedy errors of only state law." *Smith v. Morgan*, 371 F.App'x 575, 582 (6th Cir. 2010) (citing 28 U.S.C. § 2254(a)); *see also Norris v. Schotten*, 146 F.3d 314, 328 (6th Cir. 1998) ("A claim based solely on an error of state law is not redressable through the federal habeas process."); *see also Rivera v. Illinois*, 556 U.S. 148, 158 (2009) ("The Due Process Clause . . . safeguards not the meticulous observance of state procedural prescriptions, but the fundamental elements of fairness in a criminal trial.") (quotation omitted); *see also Engle*, 456 U.S. at 121 n.21 ("We have long recognized that a 'mere error of state law' is not a denial of due process.") (citation omitted). Moreover, merely asserting that a state law error violates the federal constitution is not sufficient to justify jurisdiction. *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010).

Nonetheless, habeas relief may be available if an alleged error of state law subjected the petitioner to a "fundamentally unfair" criminal process. *Williams*, 460 F.3d at 816. "[T]he category of infractions that violate fundamental fairness is defined very narrowly," and includes only state rulings that "offend some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Bey v. Bagley*, 500 F.3d 514, 521 (6th Cir. 2007) (cleaned up). "A state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)); *see also Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988) (stating that a federal habeas court does not function as an additional

state appellate court reviewing state courts' decisions on state law or procedure). The habeas petitioner bears the burden of showing "the principle of procedure violated by the rule (and allegedly required by due process)" is fundamental. *Bey*, 500 F.3d at 521.

ANALYSIS

In his sole ground for relief, Mr. Clark asserts that his consecutive sentences for felonious assault, child endangerment, and domestic violence violate the Fifth Amendment's Double Jeopardy clause. (ECF #1-1 at PageID 24). The State argues Mr. Clark procedurally defaulted this ground for relief because he did not fairly present it to the Supreme Court of Ohio; further, if not procedurally defaulted, this ground is not cognizable because it only raises a state-law sentencing error. (ECF #6 at PageID 124-26, 129).

I.      **The sole ground for relief is not procedurally defaulted.**

First, the State asserts that Mr. Clark procedurally defaulted his ground for relief because he did not fairly present it to the Supreme Court of Ohio. (ECF #6 at PageID 124-25). The State argues because Mr. Clark did not present the trial court's failure to merge his sentences to the Supreme Court of Ohio but instead presented the appellate court's failure to apply the Supreme Court of Ohio's then-most recent allied-offenses precedent when reviewing the trial court's sentence, he has not presented the issue to a complete round of state-court review. (*Id.* at PageID 125-26). In his Traverse, Mr. Clark responds that he nevertheless raised the substance of the issue that his consecutive sentences violated the Double Jeopardy clause to the Eighth District and the Supreme Court of Ohio. (ECF #11 at PageID 1793-94).

As discussed above, a claim may be procedurally defaulted when the petitioner fails to raise it in state court and pursue it through the state's "ordinary appellate review procedures." *Williams*,

460 F.3d at 806 (citing *O'Sullivan*, 526 U.S. at 848 (1991)); *see also Baston*, 282 F.Supp.2d at 661

("Issues not presented at each and every level [of the state courts] cannot be considered in a federal

habeas corpus petition."). Fair presentation of an issue requires that a petitioner give state courts a

full opportunity to resolve any constitutional issues by invoking "one complete round" of the

state's appellate review system. *Caver v. Straub*, 349 F.3d 340, 346 (6th Cir. 2003) (quoting

*O'Sullivan*, 526 U.S. at 845).

A habeas petitioner must also present to the state courts "the same claim under the same

theory." *Wagner v. Smith*, 581 F.3d 410, 417 (6th Cir. 2009). And the petitioner must make the

state courts aware of the "federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

The Sixth Circuit considers four factors to determine whether a state prisoner has "fairly

presented" a federal claim in state court, whether the petitioner:

> (1) relied upon federal cases employing constitutional analysis; (2) relied upon state
> cases employing federal constitutional analysis; (3) phrased the claim in terms of
> constitutional law or in terms sufficiently particular to allege a denial of a specific
> constitutional right; or (4) alleged facts well within the mainstream of constitutional
> law.

*Hand v. Houk*, 871 F.3d 390, 418 (6th Cir. 2017). The key thrust of these factors is to determine

whether the petitioner "gave the state courts the opportunity to apply the legal principles

governing" his present claim. *Jalowiec v. Bradshaw*, 657 F.3d 293, 304 (6th Cir. 2011).

The substance of the claim Mr. Clark raises on federal habeas review is that his sentences

violated the federal Double Jeopardy clause. (ECF # 1-1 at PageID 24-27). Certainly, Mr. Clark

argued the double-jeopardy issue differently before the Supreme Court of Ohio than he did before

the Eighth District. But fair presentation does not require a word-for-word replication of claims at

different levels of the state appellate process. *See Bray v. Andrews*, 640 F.3d 731, 735 (6th Cir.

2011). Although Mr. Clark phrased his claim to the Supreme Court of Ohio that the Eighth

District applied the wrong legal standard, the substance of his underlying claim—that his

consecutive sentences violated the Double Jeopardy clause—remained the same. *See id.* (noting the

"gist" of the petitioner's ineffective-assistance-of-counsel claim remained the same despite the

petitioner alleging different failures by counsel before the Ohio appellate court and the Supreme

Court of Ohio).

Mr. Clark expressly invoked the federal Double Jeopardy clause in his eighth assignment of

error on direct appeal. (*See* ECF #6-1 at PageID 170). While he does not mention the federal

clause in his proposition of law before the Supreme Court of Ohio, Mr. Clark does argue the

federal clause in his briefing and cited an Ohio case that cited federal cases:

> Accordingly, this Court must undertake an allied offense analysis that applies the law
> as it currently exists. The Eighth District's failure to apply the proper version of the
> law violated the prohibition against double jeopardy. As this Court noted in *State v.
> Ruff*, 143 Ohio St. 3d 114, 2015-Ohio-955, 34 N.E.3d 892, R.C. 2941.25 is Ohio's
> codification of the Double Jeopardy Clause protection against multiple punishments
> for the same offense. [*Ruff*] at ¶ 11, citing *Whalen v. United States*, 445 U.S. 684, 692,
> 100 S.Ct. 1432, 63 L.Ed.2d 715 (1979); *and see Blockburger v. United States*, 284 U.S.
> 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

(ECF #6-1 at PageID 763). The mixing of federal and state caselaw was likely because Ohio courts

have long viewed the state's Double Jeopardy clause as being "coextensive" with its federal

counterpart. *See State v. Broom*, 51 N.E.3d 620, 626 (Ohio 2016); *State v. Gustafson*, 668 N.E.2d

435, 441 (Ohio 1996). Thus, Mr. Clark "gave the state courts the opportunity to apply the legal

principles governing" his present claim. *See Jalowiec*, 657 F.3d at 304.

Accordingly, I conclude Mr. Clark fairly presented his ground for habeas relief to the state

courts and thus recommend the District Court decline to find the ground procedurally defaulted.

## II.     The sole ground for relief is not cognizable on federal habeas review.

Turning to the merits of the sole ground for relief, Mr. Clark argues that the imposition of consecutive sentences violates the federal Double Jeopardy Clause. (ECF #1-1 at PageID 24). The State argues that the ground for relief is not cognizable on federal habeas review because criminal sentencing arising from a state-court conviction is a matter of substantive state law. (ECF #6 at PageID 129). I conclude Mr. Clark's ground for relief is not cognizable.

"The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution states that 'no person . . . shall . . . be subject for the same offense to be twice put in jeopardy of life or limb . . .' The clause was incorporated against the states through the enactment of the Fourteenth Amendment." *Person v. Sheets,* 527 F.App'x 419, 423 (6th Cir. 2013) (citing *Benton v. Maryland,* 395 U.S. 784 (1969)). The clause "protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *Volpe v. Trim,* 708 F.3d 688, 696 (6th Cir. 2013) (citations omitted). "[A] defendant may not be subject to multiple punishments unless the state legislature intended to so punish." *Person,* 527 F.App'x at 423 (citation omitted). As the Sixth Circuit stated in *Volpe:*

> In *Blockburger v. United States,* the Supreme Court developed the "same elements" test to determine whether Congress has authorized cumulative punishments: "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." The *Blockburger test,* however, is a "rule of statutory construction," "not a constitutional test in and of itself." As a result, the *Blockburger* test "does not necessarily control the inquiry into the intent of a state legislature. Even if the crimes are the same under *Blockburger,* if it is evident that a state legislature intended to authorize cumulative punishments, a court's inquiry is at an end."

*Volpe,* 708 F.3d at 696-97 (citations omitted).

In Ohio, courts apply Revised Code § 2941.25 (Ohio's multiple-counts statute), not the *Blockburger* test, to determine whether the legislature intended to authorize cumulative punishments. *Volpe*, 708 F.3d at 697. "[W]hen assessing the intent of a state legislature, a federal court is bound by a state court's construction of that state's own statutes." *Id.* "Thus, for purposes of double jeopardy analysis, once a state court has determined that the state legislature intended cumulative punishments, a federal court must defer to that determination." *Id.*

Because sentencing is a matter of state law, a challenge to the state court's interpretation and application of the state's own allied-offenses statute is generally not cognizable on federal habeas review. *See Minor v. Wainwright,* No. 19-3206, 2019 WL 2489656, at *2 (6th Cir. June 6, 2019) (citing *Jackson v. Smith,* 745 F.3d 206, 214 (6th Cir. 2014)); *see also Harrison v. Parke*, 917 F.2d 1304 (table), 1990 WL 170428, at *2 (6th Cir. 1990) ("Because it is a matter of substantive state law whether Harrison's sentences should run concurrently or consecutively, we find that the district court did not err in ruling that Harrison's challenge to his consecutive sentences was not cognizable in a federal habeas corpus proceeding."); *Croce v. Miller*, No. 1:15-CV-1758, 2017 WL 3394046, at *22 (N.D. Ohio July 12, 2017) (collecting cases), *report and recommendation adopted,* 2017 WL 3382665 (N.D. Ohio Aug. 7, 2017).

The Eighth District addressed Mr. Clark's merger argument as follows:

{¶38} Prior to being sentenced, Clark requested that the court merge his convictions into a single count regarding L.P. and a single count regarding A.T. The court denied Clark's request and sentenced him as follows: Eight years on each felonious assault charge, with three counts running consecutively; four years on each endangering children count, with one running consecutive to the 24 years for the assaults; and six months on each domestic violence charge, to run concurrently, for an aggregate sentence of 28 years in prison.

{¶39} Ohio case law and the interpretation of R.C. 2941.25, which governs multiple counts and allied offenses, has evolved since Clark's 2010 convictions. However, in

*State v. Ketterer*, 140 Ohio St.3d 400, 2014-Ohio-3973, 18 N.E.3d 1199, the Ohio Supreme Court ruled that the new analysis for allied offenses was not to be applied retroactively. "We agree with the appellate courts that have declined to apply *Johnson* retroactively to judgments that were final as of the date that case was decided." *Id.* at ¶ 15.

{¶40} R.C. 2941.25 states as follows:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment may contain counts for all such offenses, and the defendant may be convicted of them all.

{¶41} At the time of Clark's convictions, the controlling law regarding allied offenses was *State v. Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181. Under *Cabrales*, the allied offense analysis did "not require a strict textual comparison under R.C. 2941.25(A). Instead, if, in comparing the elements of the offenses in the abstract, the offenses are so similar that the commission of one offense will necessarily result in commission of the other, then the offenses are allied offenses of similar import." *Cabrales* at ¶ 26.

{¶42} Clark argues that his convictions for felonious assault, endangering children, and domestic violence should merge because they are allied offenses. To commit felonious assault under R.C. 2903.11(A)(1), an offender must knowingly cause serious physical harm to another. To commit endangering children under R.C. 2919.22(B)(l), an offender must recklessly abuse a child. To commit domestic violence in violation of R.C. 2919.25(A), an offender must knowingly cause physical harm to a family or household member.

{¶43} Clark was convicted of recklessly abusing A.T. and L.P., who were children, knowingly causing serious physical harm to A.T. and L.P., and knowingly causing harm to AT. and L.P., who were members of his household. The Ohio Supreme Court has recognized that separate convictions may be upheld for each victim of a crime. *See, e.g.*, *State v. Jones*, 18 Ohio St.3d 116, 118, 480 N.E.2d 408 (1985). *See also State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 45 ("[w]hen a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts").

{¶44} This court has previously held that domestic violence and felonious assault are not allied offenses.

> [T]he elements do not correspond to such a degree that the commission of domestic violence necessarily results in the commission of felonious assault. Domestic violence may occur without a felonious assault, where the harm does not rise to the level of serious physical harm. Likewise, felonious assault may occur without domestic violence, where the victim is not a family or household member.

*State v. Sandridge*, 8th Dist. Cuyahoga No. 87321, 2006-Ohio-5243, ¶ 33.

{¶45} Additionally, Ohio courts have held that "[f]elonious assault and child endangering have different culpable mental states," thus, they are not allied offenses of similar import. *State v. Journey*, 4th Dist. Scioto No. 09CA3270, 2010-Ohio-2555, ¶ 25. To commit felonious assault, one must act knowingly, and to commit child endangering, one must act recklessly. Furthermore, an assault victim need not be a child. Accordingly, Clark's convictions are not subject to merger under *Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, and his eighth assigned error is overruled.

(ECF #6-1 at PageID 718-21) (footnote omitted); *see also Clark*, 2016 WL 2586638, at *7-9.

Mr. Clark's argument is that the state courts did not apply the correct version of state law to determining whether he should receive consecutive sentences. (ECF #1-1 at PageID 25-27). He asks this court to determine independently whether the Ohio legislature intended to impose cumulative punishments for the offenses of which he was convicted. (*Id.*). But on habeas review, the federal court is bound by the state court's interpretation of Revised Code § 2941.25. *Volpe*, 708 F.3d at 697; *Murray*, 477 U.S. at 491 (holding principles of comity require deference to a state court's interpretation of its statutes). Nothing in the Ohio courts' determination that the Ohio legislature intended cumulative punishments in Mr. Clark's case suggests a decision contrary to, or involving an unreasonable application of, clearly established federal law. *See Jackson v. Smith*, 745 F.3d 206, 214 (6th Cir. 2014) (holding habeas relief is inappropriate for state-law sentencing errors); *see also Missouri v. Hunter*, 459 U.S. 359, 368 (1983) (holding on direct appeal of a state's

cumulative punishment that federal courts "are bound to accept the [State] court's construction of that State's statutes."). Consequently, his ground for relief is not cognizable on federal habeas review.

Therefore, I recommend the District Court **DENY** the sole ground for relief as not cognizable and **DISMISS** the petition.

### CERTIFICATE OF APPEALABILITY

A habeas petitioner may not appeal the denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability (COA) and specifies the issues that can be raised on appeal. 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court has determined a petitioner's constitutional claim to be without merit, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong" before receiving a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether (1) the petition states a valid claim of the denial of a constitutional right and (2) the district court was correct in its procedural ruling. *Id.* A showing that the appeal would succeed on the claim is not required to grant a COA. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Here, jurists of reason could not find it debatable whether Mr. Clark's state-law sentencing claim is cognizable on federal habeas review. Therefore, I recommend the District Court **DENY** Mr. Clark a COA.

CONCLUSION AND RECOMMENDATION

For the foregoing reasons, Mr. Clark's claim for habeas relief is not cognizable on federal

habeas review. I therefore recommend the District Court **DENY** the sole ground for relief,

**DISMISS** Mr. Clark's habeas petition, and **DENY** a certificate of appealability.

Dated: October 23, 2024

_____
DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE

### Objections, Review, and Appeal

Within 14 days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the Magistrate Judge. *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); Local Civ. R. 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal, either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the Report and Recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the Report and Recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the Magistrate Judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, at *2 (W.D. Ky. June 15, 2018) (quoting *Howard*, 932 F.2d at 509). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).