IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DARIUS CLARK, | ) | Case No. 1:22-CV- 01166 |
| | ) | |
| Petitioner, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WARDEN LASHANN EPPINGER, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

INTRODUCTION

This matter comes to the Court on the October 23, 2024 Report and Recommendation (R&R; R. 12) by United States Magistrate Judge Darrell A. Clay recommending that the petition of Darius Clark for a writ of habeas corpus under 28 U.S.C. § 2254 be dismissed as non-cognizable.

The R&R specified that any objections to it must be filed within 14 days of Petitioner being served with that filing (*id*., Page ID# 1825), and Petitioner timely moved for an extension. (R. 13). The Court granted Petitioner's motion thereby setting December 6, 2024, as the deadline to file objections. (Non-document order entered October 31, 2024). Petitioner has filed no objections.

STANDARD OF REVIEW

When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of those portions of the Report to which proper objection has been made. Fed. R. Civ. P. 72(b)(3); Local Rule 72.3(b). However, "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v.*

1

*Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *accord Austin v. Comm'r of Soc. Sec.*, 2021 WL 1540389, at *4 (N.D. Ohio Apr. 19, 2021) (finding that a general objection that merely restates an argument previously presented or simply voices a disagreement with a magistrate judge's suggested resolution "has the same effects as would a failure to object" (citation omitted)). The text of Federal Rule of Civil Procedure 72(b)(3) addresses only the review of reports to which objections have been made but does not specify any standard of review for those reports to which no objections have lodged. The Advisory Committee on Civil Rules commented on a district court's review of unopposed reports by magistrate judges. The Advisory Committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 Advisory Committee's notes (*citing Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879)).

ANALYSIS

Petitioner has not filed objections to the R&R. As is well-settled, the failure to timely object constitutes a forfeiture, *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019), and thus the district court has no obligation to conduct any further review. *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (holding that the Sixth Circuit's waiver/forfeiture rule is within its supervisory powers and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed"). Nonetheless, the Court has reviewed the R&R and finds no clear error.

In addition, the R&R properly determined that Petitioner's sole claim for federal habeas relief raised an Ohio sentencing issue under state law that is non-cognizable in federal habeas

proceedings. *See* R. 12, Page ID#; 1823-24. As the R&R correctly determined, it is a long-standing fundamental principle of federal habeas law that federal habeas courts defer to a state court's judgment as to issue of state substantive and procedural law. *Id.*, Pg ID: 1811 (citing *Murray v. Carrier*, 477 U.S. 478, 491 (1986); *Engle v. Isaac*, 456 U.S. 107, 128-29 (1982); *Duffel v. Dutton*, 785 F.3d 131, 133 (6th Cir. 1986)). Thus, even if Petitioner had not forfeited his right to here seek review of the Report & Recommendation by failing to timely file an objection, there is no basis on which to overturn the decision of the magistrate judge.

## CONCLUSION

The R&R placed Petitioner on notice that the failure to assert objections constituted forfeiture. R. 12, Pg ID 1825. No objections have been filed, and Petitioner has forfeited his right to have this Court undertake a review of the R&R. Nonetheless, as detailed above, the Court, having carefully reviewed the R&R, finds no clear error, and agrees with the findings set forth therein. Therefore, the Magistrate Judge's Report and Recommendation (R. 12) is hereby ADOPTED and Petitioner's single claim for habeas relief is DISMISSED as non-cognizable.

IT IS SO ORDERED.

Date: June 5, 2025

/s/ *David A. Ruiz*
David A. Ruiz
United States District Judge